McCord v. Farmers' Bank of Pittsboro.

Opinion delivered December 16, 1929.

*Thomas W. Hardy,* for appellant.

*Flowers, Brown & Hester,* for appellee.

BUTLER, J. The appellee, Farmers' Bank of Pittsboro, brought suit in the Ouachita Circuit Court against the defendant on a promissory note made payable to it or bearer, at the Bank of Derma, Mississippi, for $1,130.84, with interest at eight per cent. from maturity until paid, signed by the appellants, J. E. McCord and Henry Denton. The defense was that the signatures were procured to the note by reason of false representations, and that there was no indebtedness due plaintiff (appellee) because of said note.

Testimony was introduced on the part of both the plaintiff and the defendant, and there was a verdict in favor of the plaintiff for the sum represented by the said note with the accrued interest. After the testimony had been introduced, the court permitted the plaintiff to amend by joining N. R. Lamar as a party plaintiff to the suit. This action of the court is assigned by the appellants as error.

It was established by the testimony that the Farmers' Bank of Pittsboro was a banking institution organized under the laws of the State of Mississippi and doing business in that State; that at the time of the filing of the suit it had become insolvent, and was in the course of liquidation; that its affairs were being handled for the benefit of its stockholders and depositors by N. R. Lamar as "liquidating agent" of the State Banking Department of the State of Mississippi. It was shown by the evidence in the case that the Farmers' Bank of Pittsboro, while insolvent, was still a legal entity, and, not having forfeited or surrendered its charter under the laws of the State of Mississippi, might bring suits in its own name when such became necessary in the course of its liquidation. Section 3854 of Hemingway's 1927 Miss. Code. The banking laws of Mississippi further provide that, in the case of insolvent banks being taken over and liquidated through the State Banking Depart-

ment, the Banking Department may act through its liquidating agent, and suits for the collection of the assets of the insolvent bank may be brought either in the name of the bank or by such officer. Section 3854, Hemingway's Code, *supra*.

By § 36 of act 250 of the Acts of the General Assembly of Arkansas, 1927, all corporations, whether they expired by their own limitations or are otherwise dissolved, may nevertheless be continued for a term of three years for the purpose of prosecuting or defending suits. The appellee bank was a going concern at the time of the execution of the note sued on, and thereafter, on October 4, 1923, ceased to do a banking business, and its property and assets were taken over by the State Banking Department for the purpose of liquidation. N. R. Lamar was appointed "liquidating agent," as provided by the laws of the State of Mississippi, and this action was begun on March 9, 1926. Therefore the action was properly brought in the name of the Farmers' Bank of Pittsboro under the provisions of the statutes above named. N. R. Lamar, the liquidating agent, was the representative of the depositors and other creditors of the Farmers' Bank of Pittsboro, and under § 1239 of Crawford & Moses' Digest it was proper, by way of amendment, to add his name as party plaintiff because of his interest in the subject-matter.

The appellants have cited a number of cases to the effect that an amendment substituting another than the original plaintiff should not have been permitted. However, there was not a substitution, but an addition, and, as the original plaintiff was a proper party, the suit as originally begun was not a nullity, and therefore the cases cited have no application here. We are of the opinion that the amendment was not necessary, but it has not, and could not have, prejudiced the defendant in any way or altered any substantial right he might have had.

Finding no error, the judgment is affirmed.